UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

ANDRE HURSTON,

      Defendant/Petitioner.

_____/

Case No. 13-20495
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY
ANDRE HURSTON'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [R. 183]**

## I.    INTRODUCTION

On February 10, 2015, Defendant-Petitioner Andre Hurston, a federal prisoner proceeding *pro se,* filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, along with a supporting brief [R. 183; R. 185].  The Honorable Paul D. Borman referred the motion to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [R. 186].  The Government responded to Hurston's motion, and Hurston filed a reply.  [R. 202; R. 209].  For the following reasons, the Court **RECOMMENDS DENYING** Hurston's § 2255 motion to vacate, set aside, or correct his sentence [R. 183].

## II.     BACKGROUND

Prior to May 2, 2013, Hurston and at least three other individuals agreed to rob, by the use of force or threatened force, a pharmaceutical van delivering controlled substances.  [R. 95, PgID 611].  Hurston acknowledged in his plea agreement that he joined the conspiracy knowingly and voluntarily, and participated in the planning of the robbery. [*Id.*, PgID 611-12].

On May 2, 2013, co-conspirators of Hurston drove a stolen blue Dodge Charger to the parking lot of the Patient Care Pharmacy in Dearborn and parked behind the pharmaceutical delivery van.  [R. 95, PgID 612]. One of the individuals got out of the vehicle, approached the delivery driver, brandished a firearm, and demanded the keys to the van.  [*Id.*].  The driver complied, and the co-conspirator drove off in the van, which contained controlled substances and various pharmaceutical supplies.  [*Id.*].  Shortly thereafter, Hurston and his co-conspirators met and sorted through the stolen property, during which Hurston obtained some of the controlled substances in order to distribute them.  [*Id.*].  The combined value of the contents of the van and the van itself exceeded $50,000.  [*Id.*, PgID 613].

On October 29, 2013, a federal grand jury returned a second superseding indictment against Hurston, charging him with one count of

conspiracy to commit interference with commerce by robbery, in violation of

18 U.S.C. § 1951(a), and four counts of possession with intent to distribute

controlled substances, in violation of 21 U.S.C. § 841(a)(1).  [R. 45].  On

April 22, 2014, Hurston pleaded guilty to conspiracy to commit interference

with commerce by robbery, pursuant to a Rule 11 plea agreement, and the

Government agreed to dismiss the other charges against him.  [R. 95].

The Court held a sentencing hearing on August 8, 2014, during which

it accepted the plea agreement, found the guideline sentencing range to be

78 to 97 months, and sentenced Hurston to an 84-month term of

imprisonment.  [R. 216, PgID 2523-26].  The 78-97 month guideline range

was based on a total offense level of 27 under the United States

Sentencing Guidelines, calculated as follows: a base offense level of 20

under U.S.S.G. § 2B3.1(a); a five-level increase because a firearm was

brandished during the offense, § 2B3.1(b)(2)(C); a two-level increase

because the offense involved a carjacking, § 2B3.1(b)(5); a one-level

increase because controlled substances were taken during the offense,

§ 2B3.1(b)(6); a two-level increase because the loss amount was greater

than $50,000 but less than $250,000, § 2B3.1(b)(7)(B); and a three-level

reduction for acceptance of responsibility, §§ 3E1.1(a) and (b).  [*See*

Presentence Investigation Report at ¶¶ 32-45.].

On February 10, 2015, Hurston filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  [R. 183; 185].  The Government responded, and Hurston filed a reply.  [R. 202; R. 209].

## III.   APPLICABLE LAW

### A.     § 2255 Motion to Vacate, Set Aside, or Correct Sentence

The substantive provisions of 28 U.S.C. § 2255 provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255 para. 1.  Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates either the Constitution or a federal statute.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (citation omitted).  "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks and citation omitted).

4

### B.   Ineffective Assistance of Counsel

The Sixth Amendment right to counsel and right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense."  *Id.* at 687.  To satisfy the first element, a defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness."  *Id.* at 687-88.  Judicial scrutiny of an attorney's performance is "highly deferential"; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  *Id.* at 689.  With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

## IV.   ANALYSIS

Hurston makes two arguments in his motion to vacate.  He claims that his counsel was ineffective for failing to "research recent development

of new law, or investigate new law" relating to his guideline range, and for

failing to object to his incorrectly calculated guideline range.  [R. 185, PgID

2024, 2029-32].  Both arguments are unavailing.

### A.   Ineffective Assistance of Counsel – Sixth Amendment Right to a Jury Trial

In his first claim, Hurston argues that his attorney deprived him of

effective assistance of counsel by failing to object to his base offense level

being increased by nine levels due to the fact that the underlying offense

involved the brandishing of a firearm (five-level increase), carjacking (two-

level increase) and a loss amount above $50,000 but below $250,000 (two-

level increase).[1]  He claims that each enhancement constitutes an

"element" to his offense, which must be established beyond a reasonable

doubt and found by a jury.  Hurston is wrong.

In support of his argument, Hurston cites *Apprendi v. New Jersey*,

530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. —, 133 S.Ct.

2151 (2013), both of which addressed statutory sentencing provisions.  In

*Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved

---

[1] Hurston initially included the one-level increase under § 2B3.1(b)(6) (controlled substances taken during offense) in this claim, but he withdrew his challenge to that increase in his reply brief. [*See* R. 209, PgID 2444-45].

beyond a reasonable doubt." 530 U.S. at 490.  The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is not a mere sentencing factor, but is an element of the offense that must be found by the jury beyond a reasonable doubt.  *Alleyne,* 133 S.Ct. 2151.

Neither *Apprendi* nor *Alleyne* is implicated here because the enhancements Hurston challenges pertained to the advisory sentencing guidelines, not a statutory minimum or maximum.  *See United States v. Dillard*, Case No. 11-20248, 2013 WL 5966284, at *7-8 (E.D. Mich. Nov. 8, 2013) (Borman, J.) (Sixth Amendment is not impacted by the advisory sentencing guideline range under which defendant was sentenced); *United States v. Ibrahim*, 529 Fed. Appx. 59, 64 (2d Cir. 2013) ("application of guidelines enhancements that do not increase the statutory maximum or minimum penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial").  Moreover, in the Rule 11 plea agreement, Hurston admits to facts supporting each of the enhancements he challenges.  [*See* R. 95, PgID 611-13].  His counsel was not deficient for failing to challenge the enhancements.

## B.    Ineffective Assistance of Counsel – Calculation of Guideline Range

In his second claim, Hurston argues that his counsel was ineffective because he failed to calculate the sentencing guidelines accurately –

specifically that he failed to challenge the application of a two-level increase for the amount of loss being greater than $50,000 but less than $250,000 under U.S.S.G. § 2B3.1(b)(7)(C), where the amount of restitution he owed was $45,039.99.  [R. 185, PgID 2029-32].  This argument fails.

Hurston admits in his Rule 11 plea agreement that "[t]he contents of the van and the van itself were valued at more than $50,000[.]"  [R. 95, PgID 613].  The amount of loss contemplated by U.S.S.G. § 2B3.1(b)(7) is "the value of the property taken, damaged or destroyed."  *See* U.S.S.G. § 2B3.1, Application Note 3.  Since the van was "taken," the Court properly considered its value when determining the amount of loss, and it correctly concluded that the amount of loss exceeded $50,000 based on Hurston's admission in the plea agreement.  Hurston's counsel was not deficient for failing to challenge the guideline range calculation with regards to amount of loss.

## V.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Hurston's § 2255 motion to vacate, set aside, or correct his sentence [R. 183].

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 25, 2015

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

9

**length and complexity to the objections**, but there is otherwise no page

limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
